GALLOWAY v. GALLOWAY.

PLEADINGS—DEMURRER—ANSWER—FRAUD.—Objection to complaint in aid of assets and for partition, that it does not allege that conveyances of certain devisees to a party defendant, no date given, were *mala fide,* cannot be taken by demurrer, but *bona fides* must be raised by answer.

Before KLUGH, J., Darlington,        , 1902.   Affirmed.

Action by W. L. and C. V. Galloway, executors of Winnie A. Galloway, against Addison S. Galloway *et al.* From order overruling demurrer, defendant, D. W. Gilbert, appeals.

*Messrs. W. Keith Dargan and W. F. Dargan,* for appellant.

*Mr. Geo. W. Brown,* contra.

No arguments furnished Reporter.

July 7, 1903. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. This appeal is from the order of his Honor, Judge Klugh, overruling the demurrer of the defendant, D. W. Gilbert, to the complaint herein on the ground that said complaint fails to state facts sufficient to constitute a cause of action, in that the plaintiffs simply allege conveyances by three of the devisees to the defendant, D. W. Gilbert, and do not allege that it was *mala fide.* It will be necessary now to reproduce the complaint, which is in these words:

"The plaintiffs, complaining of the defendants in the case above stated, allege:

"I. That on the 4th day of July, 1901, Winnie A. Galloway departed this life, leaving of force her last will and testament, a copy of which will (excepting only the formal parts thereof) is made a part of this complaint, and is hereto attached and marked Exhibit 'A.'

"II. That the children of the testatrix are the plaintiffs, W. L. Galloway and C. V. Galloway, and the defendants, A. S. Galloway, E. E. Galloway, E. H. Galloway, R. B. Galloway and M. C. Galloway, the last named being a minor over the age of fourteen years and under the age of twenty-one years, and her said children, are the same in identity as those named and mentioned in Exhibit 'A,' Edmund E. Galloway being erroneously called E. F. Galloway, and

Roland B. Galloway being improperly called R. O. Galloway. That the said children are by the terms of said will made the sole legatees and devisees of the said Winnie A. Galloway. The said testatrix died seized and possessed of a small personal estate, and of a tract of land situate in Darlington (now called Lee) County, in the State aforesaid, containing 133 1-3 acres, more or less, and bounded * * *

"III. That on the 20th day of July, 1901, the said will was duly proved and admitted to probate in the office of the probate judge in and for the said county of Darlington, and in accordance with the provisions of the said will, naming the plaintiffs as executors thereof, letters testamentary thereupon were duly issued and granted to these plaintiffs by the probate judge of said county, and these plaintiffs thereupon duly qualified as such executors and entered upon the discharge of the duties of their said office.

"IV. That the personal property of the said testatrix has been administered as required by law and is insufficient to pay the debts of the estate.

"V. That the defendant, Jessie E. Galloway, filed with these plaintiffs, as executors aforesaid, on December 28th, 1901, an itemized verified account for personal services rendered to their said executrix during her lifetime, amounting in the aggregate to $983. The said Winnie A. Galloway was an invalid for many years before her death, and for several years prior thereto was bed-ridden and unable to turn herself in bed, and the service consisted of attention as a nurse, at $37.50 per month, for November and December in the year 1898, and for the whole period of the years 1899 and 1900. These plaintiffs are informed and believe that this claim is just and, with the exception of $8, is correct, and they so allege.

"VI. That on the 26th day of December, 1901, the defendant, Leila Galloway, filed with these plaintiffs, as executors aforesaid, her itemized and verified account against the said estate for personal services rendered to the said testatrix as nurse, amounting to the sum of $675, the services so ren-

dered being at the rate of $37.50 per month, and covering the following periods: In the year 1897, from November 1st to December 31st; in the year 1898, from January 1st to October 30th; in the year 1901, from January 1st to July 4th. That these plaintiffs are informed and believe that this claim is just, true and correct, and they so allege.

"VII. That the defendants, Addison S. Galloway, Ernest H. Galloway and Roland B. Galloway, have sold and conveyed their interests in said lands to the defendant, D. W. Gilbert.

"VIII. That the personal property is wholly insufficient to pay the debts of the estate, and there is no other property belonging thereto except the tract of land aforesaid, and the sale of the same is necessary to a complete administration of the estate and performance of the duties imposed by the terms of the said will.

"IX. That during the year 1902, the plaintiff, Clarence V. Galloway, and the defendant, Edmund E. Galloway, have been in the use and occupation of the said tract of land, and are chargeable with a reasonable rent therefor, which these plaintiffs allege to be the sum of $200.

"X. That after the payment of the debts of the said testatrix, the parties to this action are entitled to interests in the said lands, or any surplus remaining from the sale thereof, as follows: The plaintiffs, W. L. Galloway and C. V. Galloway, and the defendants, Edmund E. Galloway and M. C. Galloway, each to one-seventh part thereof; the defendant, D. W. Gilbert, is entitled to three-sevenths thereof, and the said parties own no other lands in common in this State; and even if it were not necessary to sell the lands for the payment of the debts, yet for the purpose of complete adjudication in one action, it is alleged that the land cannot be divided and partitioned in kind among the various parties in interest without injustice to some, and that a sale of the land is necessary for the purposes of partition.

"Wherefore, plaintiffs pray that the land be sold in aid of personalty for the payment of debts; that the surplus pro-

ceeds of sale, if any, after the payment of debts, be paid over to the respective parties in interest in the proportions above stated, except the interest of Maxcy C. Galloway, whose interest shall be paid to his duly appointed guardian, if he has not then attained his majority, unless the amount to which he may be entitled can be paid to him under the statute of the State; and for such other and further relief as to the Court may seem meet or to justice may belong."

Extract from will of Mrs. Winnie Galloway, deceased:

"All my just debts and funeral expenses shall first, by my executors hereinafter named, be paid out of my estate, as soon after my decease as shall by them be found convenient. I give, devise and bequeath to each of my children, A. S. Galloway, E. F. Galloway, W. L. Galloway, C. V. Galloway, E. H. Galloway, R. O. Galloway and M. C. Galloway, or their heirs, an equal portion of my real estate. To my son, M. C. Galloway, I give and bequeath one feather bed, one bureau and wardrobe; the rest and residue of my personal estate to be equally divided between my said children, A. S. Galloway, E. F. Galloway, W. L. Galloway, C. V. Galloway, E. H. Galloway, R. O. Galloway and M. C. Galloway. And lastly, I do nominate and appoint my sons, W. L. Galloway and C. V. Galloway, to be the executors of this my last will and testament."

The case contains the following statement accompanying order overruling the demurrer:

"After argument, the presiding Judge held that the will of the said testatrix was sufficient notice to the defendant, D. W. Gilbert, of the debts against her estate; and that the lands conveyed to him by the said devisees were liable to sale for the payment of the said debts, and passed the following order:

"Upon hearing the demurrer of the defendant, D. W. Gilbert, in the case above stated, and argument thereon by his attorneys, E. Keith Dargan and W. F. Dargan, and argument for the plaintiffs by Geo. W. Brown, it is ordered, that the said demurrer be, and the same is hereby, overruled.

4—67

Ordered further, that there is no necessity for the reformation of plaintiffs' complaint, or any election on their part as to different causes of action, as there is substantially but one cause of action alleged, and that is as to the sale of realty in aid of assets for payment of debts, the allegation relating to partition being merely subsidiary thereto."

From this order of the Circuit Judge the defendant, D. W. Gilbert, appealed on the following grounds:

"I. Because the Circuit Judge erred in holding that the complaint sufficiently stated a cause of action against the defendant, D. W. Gilbert, without any allegation that the conveyances to him by the said devisees were executed *mala fide.*

"II. Because the Circuit Judge erred in holding that the will of the said testatrix was such notice to the defendant, D. W. Gilbert, as to charge the lands conveyed to him by the said devisees with the payment of the debts against her estate; whereas, he should have held that mere notice of such debts would not be sufficient to render the alienations by the said devisees *mala fide.*

"III. Because the Circuit Judge erred in holding that the lands conveyed to the defendant, D. W. Gilbert, by the said devisees before this action was brought, are liable to sale for the payment of the debts of the said testatrix; whereas, he should have held that the right of the creditors of the said testatrix is not against the land so conveyed, but against the said devisees personally for the amount realized from the sale of the said lands.

"IV. Because the Circuit Judge erred in overruling the demurrer."

We will examine and pass upon these exceptions. The object of a demurrer is to test the strength, the sufficiency in law of the pleading attacked. To do this one must take a practical view of what plaintiff ought to have said in the allegations of his complaint. But it is always well to keep before the mind the truth that when by a demurrer you are called upon to test the sufficiency in law of a complaint, you

have to divest your mind of any and other pleadings and pro-
ceedings in the case. This remark is made just here, be-
cause it is feared that some views from the proposed answer
of the defendant, D. W. Gilbert, got into the minds of both
Judge and attorneys, and this ought not to have been so.

What do the allegations of fact in this complaint set up?
The complaint alleges that in 1901 (4th July), Mrs. Winnie
Galloway died, leaving a will, with two of her sons named as
executors, possessed of a small personal estate and a small
tract of land. That after the payment of debts, both real
and personal estate were given in equal portions to her chil-
dren (except a small personalty to one of her sons). That
the executors accepted their trust—have sold the personal
property, which has proved entirely inadequate to the pay-
ment of the debts of their testatrix. That two creditors
holding claims for several hundred dollars are named as
parties to the suit. That it will be necessary to sell land to
pay debts. That it is not likely that the land can be so sold
that any part of it can be left to be partitioned in kind, and,
therefore, it would be better to sell the whole tract of land,
and, after paying debts, to divide the balance of the proceeds
of sale of land amongst the devisees, and that since testa-
trix's death three of the devisees have sold and conveyed their
three-sevenths interest in said lands unto the defendant, D.
W. Gilbert. Now it must be observed that this complaint
was filed in the Court of Common Pleas just one year after
the death of testatrix. We agree with the Circuit Judge,
that this is the usual complaint to sell land to pay debts, for
partition, &c. So far as the defendant, D. W. Gilbert, is
concerned, even if his purchase of three-sevenths of the land
is made so as to divest the estate of Mrs. Winnie Galloway,
deceased, of any right to have his said three-sevenths interest
to be sold to help pay the debts of her estate, he is a necessary
party under the averments of the complaint, for it will be
necessary to have his three-sevenths interest separated by
partition from that of the other devisees. The actual order
made by the Circuit Judge overruling the demurrer is un-

exceptionable, but we think his reasons as printed for this order are premature. In other words, the time at which the defendant, D. W. Gilbert, is to be required to make known his objections to selling his interest in these lands has not yet arrived. So far, he has *demurred alone* to the complaint. This demurrer was the only question before the Court for determination. Although he had filed an answer, yet when he demurred, his answer was not before the Court; hence, when the Circuit Judge observed, in giving one of his reasons for overruling the demurrer, that the probate of the will on the 20th July, 1901, before his purchase of his three-sevenths of the lands in question, was notice to said D. W. Gilbert, that observation is no part of his order overruling the demurrer. The question of notice to D. W. Gilbert is an open question until the hearing of said Gilbert's defenses as set up in his answer.

The first ground of appeal is disposed of by what we have just remarked. We would sustain it if it was necessary to this judgment, but it is not so necessary; but, in the abundance of caution, we have ruled that D. W. Gilbert is not to be prejudiced at the trial by this remark of the Circuit Judge; and so, also, the second ground of appeal would be sustained, if it was any part of the order on the demurrer. All questions as to conveyance of three-sevenths of the land to D. W. Gilbert, whether with notice *bona fide* or *mala fide,* are reserved until the hearing on the merits, when D. W. Gilbert will be fully heard on these very interesting questions. So, too, the third ground of appeal, we would sustain it if it was necessary; but, on the hearing of a demurrer to a complaint because such complaint failed to state facts sufficient to make a cause of action, that the order of the Circuit Judge overruling such demurrer should be construed to decide a case on its merits, so far as the defendant's rights to fully answer the complaint is concerned, is unheard of.

We will, therefore, with these restrictions upon the effect of Judge Klugh's order, sustain his order overruling the demurrer to the complaint.

It is the judgment of this Court, that the order of the Circuit Court overruling the demurrer be sustained, and that the action be remanded to the Circuit Court to hear the cause upon the complaint and answer, with such testimony as may be proffered on the issues.